## MURPHY v. WRIGHT et al.  (No. 3061.)

(Court of Civil Appeals of Texas. Texarkana. April 30, 1925.)

Executors and administrators ⬅=31—Administrator without right to resist collection of insurance money by heirs of deceased, where appointment had expired by limitation.

Administrator was without legal right to resist collection of insurance money by heirs of deceased, where his appointment had expired by limitation more than three years before.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Suit by I. C. Wright and another against J. M. Murphy and another. Judgment for plaintiffs, and named defendant appeals. Affirmed.

Kinder & Russell, of Plainview, and Bern Wilson, of Dallas, for appellant.

McMahan & Dohoney, of Greenville, and Etheridge, McCormick & Bromberg, of Dallas, for appellees.

HODGES, J. Clifford Norvell Wright, the minor son of I. C. Wright and the half-brother of Fae Bess Wright, appellees in this appeal, died on the 4th day of November, 1918. He was at the time of his death the beneficiary and owner of a certificate of insurance for $1,000 issued by the Modern Order of Prætorians upon the life of his mother, who had died about three days before. The only heirs of Clifford Norvell Wright were the appellees in this suit, his father and half-sister. He left no other estate, so far as the record shows, and no debts except those of his last sickness and funeral expenses. On January 9, 1919, J. M. Murphy, appellant, was, upon his own application, appointed by the county judge of Hale county temporary administrator of the estate of Clifford Norvell Wright. On January 30, 1919, the appellees filed this suit in the district court of Dallas county against the Modern Order of Prætorians for the collection of the sum of $1,000 due upon the certificate of insurance, alleging that they were the only surviving heirs of Clifford Norvell Wright. Murphy was made a party defendant upon averments that he was claiming the right to the proceeds of the policy of insurance as a temporary administrator of the deceased. The Modern Order of Prætorians answered, admitting its liability, and asked to be permitted to pay the money due into the registry of the court to await the settlement of the contest between the opposing claimants.

On March 3, 1919, at the next regular terms of the county court of Hale county after his appointment, Murphy was continued as temporary administrator until the next succeeding terms of that court, with authority to intervene in the suit instituted in Dallas county by the appellees for the collection of the insurance money. Instead of filing a petition of intervention, Murphy, on the 8th of April following, filed merely an answer denying the averments set out in the appellees' original petition, and did not ask for judgment against the Modern Order of Prætorians.

In June, 1919, and while the case was still pending in the district court of Dallas county, appellee I. C. Wright, through an attorney, sought to settle and pay off all the outstanding claims against the estate of Clifford Norvell Wright. He paid all of them except one held by the undertaker, who buried the

bodies of Clifford Norvell Wright and his mother. The full amount due on that claim was tendered and abritrarily refused by the holder. The only reason given for the refusal was that he, the claimant, wished to make an administration necessary.

The Modern Order-of Prætorians paid the amount due on the policy into the registry of the court, and took no part in the subsequent proceedings. The case, for some reason, was continued without a trial. No order was entered at the next succeeding term of the county court of Hale county continuing the appointment of Murphy as temporary administrator, and no permanent administration ever came into existence. In November, 1923, more than five years after the death of Clifford Norvell Wright, the appellees filed their amended original petition alleging, among other things, that there was no administration pending on the estate of Clifford Norvell Wright, and that none was needed.

In a trial before the court without a jury a judgment was entered in favor of the appellees for the amount of the certificate of insurance and allowing the Modern Order of Prætorians $50 as an attorney's fee. Murphy alone appeals.

Under the facts found and filed by the trial court, Murphy had no official standing at the time this case was disposed of in the court below. His appointment had expired by limitation more than three years before, and he had no legal right to resist the collection of the insurance money by the appellees. The record rather indicates that both his appearance in the suit and his persistent activity thereafter were for the purpose of delaying and defeating, if possible, the payment of a claim to which the appellees were clearly entitled.

The judgment will be affirmed.